Breanna Thompson (OSB No. 154370)
bthompson@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891

      Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MEGAN PLETT**, an individual,<br><br>                         Plaintiff,<br><br>        vs.<br><br>**WHITE BIRD CLINIC,** an Oregon domestic nonprofit corporation,<br><br>                        Defendant. | CASE NO.: 6:25-cv-00109-MC<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

      Defendant White Bird Clinic, ("Defendant"), by and through its attorney Breanna Thompson, answers Plaintiff Megan Plett's ("Plaintiff"), Complaint as follows:

1.

      Defendant admits this court has jurisdiction pursuant to 42 U.S.C. 2000e-5(f)(3), 28 U.S.C. § 1331, 28 U.S.C. § 1343(3)-(4), and 28 U.S.C. § 1367.

2.

      Defendant admits venue is proper pursuant to 28 U.S.C. § 1391.

/ / / /

/ / / /

## II. PARTIES

3.

Defendant admits Plaintiff is a citizen of the United States and was employed by Defendant in its CAHOOTS program as a medic from on or about October 16, 2020, until she resigned on March 10, 2023. Defendant admits Plaintiff worked with vulnerable residents of Lane County, Oregon.

4.

Defendant admits it is a domestic nonprofit corporation registered in Oregon with a principal place of business in Eugene, Oregon, County of Lane. Defendant admits its purpose is to provide counseling, medical, dental and psychological care to meet the needs of disenfranchised or alienated youth of the community. Defendant admits it operates the CAHOOTS program where it takes on social service type calls and provides initial contact for those who are intoxicated, mentally ill or disoriented, and other non-emergency medical services. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations as pled in paragraph 4 of the Complaint; therefore, Defendant denies the same.

5.

Defendant admits Plaintiff began working as a medic in the CAHOOTS program on or about October 16, 2020. Defendant lacks sufficient knowledge and information to admit or deny whether working for Defendant was Plaintiff's "dream job"; therefore, Defendant denies the same.

6.

Defendant admits Brenton Gicker ("Gicker") was at relevant times employed by Defendant in the CAHOOTS program as a nurse/EMT. Defendant denies the remaining allegations as pled in paragraph 6 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

7.

Defendant admits it has a post-hire training period for medics. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations as pled in paragraph 7 of the Complaint; therefore, Defendant denies the same.

8.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 8 of the Complaint; therefore, Defendant denies the same.

9.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 9 of the Complaint; therefore, Defendant denies the same.

10.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 10 of the Complaint; therefore, Defendant denies the same.

11.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 11 of the Complaint; therefore, Defendant denies the same.

12.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 12 of the Complaint; therefore, Defendant denies the same.

13.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 13 of the Complaint; therefore, Defendant denies the same.

/ / / /

/ / / /

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

14.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 14 of the Complaint; therefore, Defendant denies the same.

15.

Defendant admits efforts were made to limit or eliminate any overlapping shifts of Plaintiff and Gicker. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations as pled in paragraph 15 of the Complaint; therefore, Defendant denies the same.

16.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 16 of the Complaint; therefore, Defendant denies the same.

17.

Defendant admits Plaintiff was on leave in Fall 2022. Defendant denies the remaining allegations as pled in paragraph 17 of the Complaint.

18.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 18 of the Complaint; therefore, Defendant denies the same.

19.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 19 of the Complaint; therefore, Defendant denies the same.

20.

Defendant denies paragraph 20.

21.

The email dated June 21, 2022, is a writing that speaks for itself, and to the extent the allegations in paragraph 21 deviate from the writing, they are denied.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

22.

The email dated October 19, 2022, is a writing that speaks for itself, and to the extent the allegations in paragraph 22 deviate from the writing, they are denied. To the extent paragraph 22 states further factual allegations, Defendant lacks sufficient knowledge and information to admit or deny the allegations and denies the same.

23.

Defendant lacks sufficient knowledge and information to admit or deny the allegations as pled in paragraph 23 of the Complaint; therefore, Defendant denies the same.

24.

Defendant admits Plaintiff was on leave in Fall 2022. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations as pled in paragraph 24 of the Complaint; therefore, Defendant denies the same

25.

The letter dated August 26, 2022, is a writing that speaks for itself, and to the extent the allegations in paragraph 25 deviate from the writing, they are denied.

26.

The email dated October 25, 2022, is a writing that speaks for itself, and to the extent the allegations in paragraph 26 deviate from the writing, they are denied. Defendant admits Brenton Gicker was placed on administrative leave on October 28, 2022. Defendant denies the remaining allegations as pled in paragraph 26.

27.

The email dated October 31, 2022, is a writing that speaks for itself, and to the extent the allegations in paragraph 27 deviate from the writing, they are denied.

28.

The emails dated October 31, 2022, and dated December 29, 2022, are writings that speak for themselves, and to the extent the allegations in paragraph 28 deviate from the writings, they are denied. Defendant denies the remaining allegations as pled in paragraph 28.

29.

The email dated October 31, 2022, is a writing that speaks for itself, and to the extent the allegations in paragraph 29 deviate from the writing, they are denied. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations as pled in paragraph 29; therefore, Defendant denies the same.

30.

The email dated January 12, 2023, is a writing that speaks for itself, and to the extent the allegations in paragraph 30 deviate from the writing, they are denied.

31.

The email dated January 13, 2023, is a writing that speaks for itself, and to the extent the allegations in paragraph 31 deviate from the writing, they are denied.

32.

The meeting notes dated March 1, 2023, are writings that speaks for itself, and to the extent the allegations in paragraph 32 deviate from the writing, they are denied.

33.

The meeting notes dated March 1, 2023, are writings that speaks for itself, and to the extent the allegations in paragraph 33 deviate from the writing, they are denied.

34.

Defendant admits Gicker returned to work from administrative leave in or around early to mid-2023. Defendant denies the remainder of paragraph 34.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

35.

The email dated March 12, 2023, is a writing that speaks for itself, and to the extent the allegations in paragraph 35 deviate from the writing, they are denied. Defendant denies the remaining allegations as pled in paragraph 35 of the Complaint.

36.

Defendant admits that on March 10, 2023, Plaintiff resigned effective April 8, 2023. Defendant denies the remaining allegations as pled in paragraph 36 of the Complaint.

37.

The email dated March 12, 2023, is a writing that speaks for itself, and to the extent the allegations in paragraph 37 deviate from the writing, they are denied. Defendant denies the remaining allegations as pled in paragraph 37 of the Complaint.

38.

Defendant denies paragraph 38.

39.

Defendant denies paragraph 39.

40.

Defendant denies paragraph 40.

41.

Defendant denies paragraph 41.

42.

Defendant admits Plaintiff dual-filed claims with BOLI / EEOC on October 28, 2023. Defendant admits BOLI issued a notice of substantial evidence determination on October 28, 2024. Defendant admits BOLI issued a notice of right to file a civil suit on October 28, 2024.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 2000e *et seq.* Title VII of Civil Rights Act on 1964: Disparate Treatment and Hostile Work Environment Discrimination)

43.

Defendant realleges all previous answers provided in response to paragraphs 1 through 42 of the Complaint.

44.

Defendant denies paragraph 44.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C § 2000e *et seq.* Title VII of Civil Rights Act on 1964: Retaliation)

45.

Defendant realleges all previous answers provided in response to paragraphs 1 through 44 of the Complaint.

46.

Defendant denies paragraph 46.

## THIRD CLAIM FOR RELIEF

### (O.R.S. 659A.030(1)(a)-(b) – Disparate Treatment and Hostile Work Environment Discrimination)

47.

Defendant realleges all previous answers provided in response to paragraphs 1 through 46 of the Complaint.

48.

Defendant denies paragraph 48.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

## FOURTH CLAIM FOR RELIEF

## (O.R.S. 659A.030(1)(f) – Retaliation)

### 49.

Defendant realleges all previous answers provided in response to paragraphs 1 through 48 of the Complaint.

### 50.

Defendant denies paragraph 50.

## FOURTH CLAIM FOR RELIEF [sic]

## (O.R.S. 659A.199 – Retaliation)

### 51.

Defendant realleges all previous answers provided in response to paragraphs 1 through 50 of the Complaint.

### 52.

Defendant admits Plaintiff made reports regarding Brenton Gicker's conduct.

### 53.

Defendant denies paragraph 53.

### 54.

Except as expressly admitted herein, Defendant denies each and every allegation in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

### 55.

Plaintiff will be unable to present admissible evidence that would allow a reasonable juror to find Defendant liable for some or all of Plaintiff's claims.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

56.

Based on information and belief, Plaintiff has failed to mitigate some or all of her damages and, as such, Defendant should be entitled to judgment in its favor.

## RESERVATION OF AFFIRMATIVE DEFENSES

58.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, that may become known through the exchange of discovery.

WHEREFORE, Defendant prays for judgement as follows:

1.      Plaintiff's Complaint be dismissed with prejudice;

2.      Defendant be awarded reasonable costs; and

3.      For such other relief as the court deems just and proper.

DATED this 17th day of March, 2025.

GARRETT HEMANN ROBERTSON P.C.

_s/ Breanna L. Thompson_
Breanna Thompson (OSB No. 154370)
bthompson@ghrlawyers.com
Of Attorneys for Defendant

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:
*Megan Plett v. White Bird Clinic*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated below,

☐  Via First-Class Mail with postage prepaid
☐  Via Facsimile Transmission
☒  Via Electronic Filing Notice
☒  Via Email
☐  Via Hand Delivery
☐  Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Matthew C. Ellis (OSB No. 075800)
matthew@employmentlawpdx.com
MATTHEW C. ELLIS, PC
1500 SW First Avenue, Suite 1000
Portland, Oregon 97201
Tel: (503)-345-5407
 Of Attorneys for Plaintiff

DATED this 17th day of March, 2025.

GARRETT HEMANN ROBERTSON P.C.

_s/ Breanna L. Thompson_
_____
Breanna Thompson (OSB No. 154370)
bthompson@ghrlawyers.com
Of Attorneys for Defendant